**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3891-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

RANDY VIDAL,

     Defendant-Appellant.

_____

Argued June 21, 2021 – Decided July 9, 2021

Before Judges Fisher and Fasciale.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 16-04-0523.

Margaret McLane, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Margaret McLane, of counsel and on the brief).

Erin M. Campbell, Assistant Prosecutor, argued the cause for respondent (Esther Suarez, Hudson County Prosecutor, attorney; Erin M. Campbell, on the brief).

PER CURIAM

Defendant previously appealed from his conviction for second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b)(1). We remanded for the judge to make specific findings and conclusions of law as to prong three of the independent source doctrine, and to consider the State's argument—raised for the first time—that the inevitable discovery doctrine was a separate basis to deny defendant's motion to suppress. State v. Vidal, No. A-1124-18 (App. Div. Nov. 26, 2019) (slip op. at 2). On remand, the judge applied the inevitable discovery doctrine and denied defendant's motion to suppress the firearm. We affirm.[1]

On appeal, defendant raises the following argument for this court's consideration:

> POINT I
>
> THE [JUDGE] ERRED IN HOLDING THAT THE INEVITABLE DISCOVERY DOCTRINE SAVED THE ILLEGAL SEARCH OF THE BASEMENT APARTMENT, ESPECIALLY IN LIGHT OF THE [JUDGE'S] FINDING OF FLAGRANT POLICE MISCONDUCT.

---

[1] As we pointed out in our prior opinion, the independent source doctrine and the inevitable discovery doctrine are two separate exceptions to the exclusionary rule. Vidal, slip op. at 12-13. On remand, the judge found that the State failed to establish the third prong on the independent source doctrine, which defendant does not contest on appeal. Thus, our focus—like defendant's—is whether the judge properly applied the inevitable discovery doctrine to deny his motion to suppress.

A-3891-19

A. Introduction

B. The Inevitable Discovery Doctrine

1. [Judges] must stringently hold the State to its burden to establish that the police would have lawfully obtained the evidence by carefully considering the nature of the illegal actions.

2. If an independent source for the evidence would be unduly tainted by the illegal police conduct, then inevitable discovery cannot save the evidence from exclusion.

C. The State Failed To Establish The Prongs Of Inevitable Discovery

In reviewing a decision on a motion to suppress, we will "uphold the factual findings underlying the [judge's] decision so long as those findings are supported by sufficient credible evidence in the record." State v. Gamble, 218 N.J. 412, 424 (2014). We will only reverse if the motion judge's decision was "so clearly mistaken that the interests of justice demand intervention and correction." Id. at 425 (citations and internal quotation marks omitted). We review the motion judge's legal conclusions de novo. Ibid.

The exclusionary rule provides that evidence obtained in violation of an individual's constitutional rights will be excluded as "fruit of the poisonous tree." State v. Faucette, 439 N.J. Super. 241, 266 (App. Div. 2015) (quoting

3

State v. O'Neill, 193 N.J. 148, 171 n.13 (2007)). The inevitable discovery doctrine is an exception to the exclusionary rule which permits admission of evidence resulting from an illegal search where the prosecution can show that it would have discovered the evidence "had no illegality occurred." State v. Sugar, 100 N.J. 214, 238 (1985) (Sugar II). Its purpose is to "prevent[] the prosecution from being in a better position than if the illegal conduct had not taken place" rather than to "punish the prosecution by putting it in a worse place." State v. Camey, 239 N.J. 282, 302 (2019) (citing Sugar II, 100 N.J. at 237). The State must demonstrate that

> (1) proper, normal and specific investigatory procedures would have been pursued in order to complete the investigation of the case; (2) under all the surrounding relevant circumstances the pursuit of those procedures would have inevitably resulted in the discovery of the evidence; and (3) the discovery of the evidence through the use of such procedures would have occurred wholly independently of the discovery of such evidence by unlawful means.

> [Sugar II, 100 N.J. 238.]

The State is not required to demonstrate the exact circumstances that would result in the discovery of the evidence. Camey, 239 N.J. at 302 (quoting State v. Maltese, 222 N.J. 525, 552 (2015)). "[T]he State need only present facts or elements—proving each such fact or element by a preponderance of the

4

evidence—that in combination clearly and convincingly establish the ultimate fact and lead to the conclusion that the evidence would be inevitably discovered." Ibid. (quoting State v. Sugar, 108 N.J. 151, 159 (1987) (Sugar III)). The State did that here.[2]

As to the first prong, the record supports the judge's conclusion that Sergeant McVicar followed proper, normal, and specific investigatory procedures in obtaining the second search warrant, which the judge determined was based upon probable cause "even without the information [Sergeant] McVicar learned when he opened the door to the basement [apartment]." See State v. Finesmith, 406 N.J. Super. 510, 524 (App. Div. 2009) (noting that prong one is satisfied through the execution of a search warrant). Indeed, the record supports the judge's finding that police would have inevitably discovered the firearm in defendant's apartment.

As to the second prong, defendant does not argue that the State failed to demonstrate that "under all of the surrounding relevant circumstances the pursuit of those procedures would have inevitably resulted in the discovery of the evidence." Sugar II, 100 N.J. at 238. For completeness, the judge concluded that the State satisfied this prong as Sergeant McVicar testified that "based on

---

[2] We rely on the facts set forth in our earlier decision. Vidal, slip op. at 2-3.

what [defendant] had informed [the officers] and based on [his] observations, . . . [he] would have wrote a search warrant for" the basement apartment. Police would have discovered the firearm pursuant to the second search warrant. These findings are supported by the record.

As to the third prong, the record supports the judge's finding that police would have discovered the evidence "wholly independent of the unlawful opening of the basement door." Sergeant McVicar testified that he "saw defendant leave from the building's alleyway," which "led him to believe that defendant exited from the basement apartment." Vidal, slip op. at 5-6. Additionally, "[d]efendant said that he lived [in the] basement apartment during his arrest" prior to McVicar improperly opening the basement apartment door. Vidal, slip op. at 6. As a result, the information Sergeant McVicar learned during defendant's arrest led to the conclusion that defendant lived in the basement apartment, which was sufficient to establish probable cause for a warrant without considering the information learned after opening the basement apartment door.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3891-19